IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CORDELL VICTOR JEROME SMITH, §
#58759-177, §
        Movant, §
         §
         §   CIVIL NO. 3:23-CV-2338-K
v. § (CRIMINAL NO. 3:19-CR-187-K-1)
         §
UNITED STATES OF AMERICA, §
        Respondent. §

## <u>MEMORANDUM OPINION AND ORDER</u>

Movant Cordell Victor Jerome Smith filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 1). For the reasons detailed herein, Smith's motion is DENIED, and this action is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Smith challenges his 18 U.S.C. § 924(c) federal convictions and sentences in Cause No. 3:19-CR-187-K-1. The respondent is the United States of America ("Government").

### A. Conviction and Sentencing

After being charged with 16 counts in a multi-defendant, 16-count indictment, Smith pled guilty under a plea agreement to two counts of interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Counts 4 and 14"), and two counts of using, carrying, brandishing, and discharging a firearm during and in relation to, and possessing, brandishing, and

discharging a firearm in furtherance of, a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Counts 5 and 15"). *See* Crim. Docs. 1, 83, 98. Among other provisions, Smith's plea agreement contained an appeal and collateral review waiver. *See* Crim. Doc. 83 at 7. In that waiver, Smith waived his right to appeal his convictions and sentences and his right to otherwise contest his convictions and sentences in a collateral proceeding, including under Section 2255, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of any of his guilty pleas or the appeal and collateral review waiver, and (c) to bring a claim of ineffective assistance of counsel. *See id.*

At his re-arraignment on June 2, 2020, Smith acknowledged under oath that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal or otherwise challenge his convictions or sentences except in the limited circumstances of directly appealing a sentence that exceeds the statutory maximum or math errors at sentencing, challenging the voluntariness of his guilty plea or the appeal and collateral review waiver, and bringing a claim of ineffective assistance of counsel. *See* Crim. Doc. 344 at 11-13, 22. Smith further acknowledged that he voluntarily and freely entered into the plea agreement, and that aside from what was contained in his plea documents, no one made any other promise or assurance to him of any kind to get him to plead guilty. *See id.* at 23. The Court

found that his guilty pleas were knowing and voluntary. *See id.* at 26-27; Crim Docs. 99, 109.

By judgment dated October 5, 2022, the Court sentenced Smith to a total imprisonment term of 260 months, comprised of 20 months on each of Counts 4 and 14, to run concurrent with each other, and 120 months on each of Counts 5 and 15, to run consecutive to each other and consecutive to the terms imposed on Counts 4 and 14. *See* Crim. Doc. 274. His imprisonment is to be followed by three years of supervised release. *See id.* Smith did not appeal the judgment.

## B.  Substantive Claim

Smith timely filed this Section 2255 motion on October 13, 2023, and asserted one ground for relief:

> I believe one of my 924(c)(iii) counts should be vacated due to 3553(a) sentencing disparity.  My cocon[s]pirator Freddie Lee Valentine pled guilty to the same charges as me and rec[ei]ved just about 10 years less than me.  Which show[s] a huge sentence difference.  We would both have around the same time if my 924(c)(iii) were to get vacated, or just simply was ran consecutive with my other 924(c)(iii) count.

Doc. 1 at 4 (capitalization altered).  The Government filed a response on February 26, 2024.  *See* Doc. 11.  Smith did not file a reply.

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)).  Post-conviction "[r]elief under 28

U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.  WAIVER

In his only ground for relief, Smith contends that, because of a sentencing disparity between his aggregate sentence and the lower aggregate sentence of a co-defendant, the Court should vacate one of his § 924(c) sentences or run his two § 924(c) sentences concurrent with each other.  *See* Doc. 1 at 4, 13.  The Government argues that his claim is barred by the collateral review waiver in his plea agreement, procedurally defaulted, and meritless.  *See* Doc. 11 at 5-6.

The plea agreement waiver in this case bars all claims on collateral review under Section 2255, except for those that go to the voluntariness of Smith's guilty plea or the appeal waiver and the ineffectiveness of counsel.  *See* Doc. 83 at 7.  Smith does not challenge the voluntariness of his guilty plea or the collateral review waiver, nor does he contend in his claim that counsel rendered ineffective assistance. Accordingly, even if the Court assumes *arguendo* that Smith's claim is cognizable under Section 2255, it is barred by his informed and voluntary collateral review waiver.

The Court notes that the Fifth Circuit recognizes exceptions to an informed and voluntary plea agreement waiver where ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea are involved, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 335, 343 n.4 (5th Cir. 2002)).  These exceptions are inapplicable here; Smith does not claim that his counsel was ineffective in any way that affected the validity of his collateral review waiver or guilty plea, and he does not allege that any of his sentences exceeded the applicable statutory maximum.  He therefore has failed to show that an exception to his plea agreement waiver applies.

Because Smith's claim is barred by the knowing and voluntary collateral review waiver in his plea agreement, and because he has failed to show that any exception to that waiver applies, he is not entitled to Section 2255 relief on his claim.  The Court therefore denies Smith's sole claim on this basis.  Additionally, to the extent the Government argues in the alternative that Smith's claim is procedurally barred and without merit, the Court does not address these arguments given that Smith's claim is barred by the collateral review waiver in his plea agreement, as discussed.

## IV.  EVIDENTIARY HEARING

To the extent Smith requests an evidentiary hearing on his claim, an evidentiary hearing under Section 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Smith has failed to present independent indicia in support of the likely merit of his claim, he has failed to demonstrate that he is entitled to an evidentiary hearing.

## V.  CONCLUSION

For the foregoing reasons, Smith's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 1) is DENIED, and this action is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed April 14th, 2026.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE